**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

**NATHAN & ASSOCIATES, APC**
Reuben D. Nathan (State Bar No. 208436)
600 W. Broadway, Suite 700
San Diego, California 92101
Tel: (619) 272-7014
Fax:(619) 330-1819
E-Mail: rnathan@nathanlawpractice.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MEYERS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 5:17-cv-2029<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

1    Plaintiff, James Meyers ("Plaintiff"), individually and on behalf of all others

2    similarly situated, allege the following on information and belief, except that

3    Plaintiff's allegations as to his own actions are based on personal knowledge.

4                            **NATURE OF THE ACTION**

5        1.    Facebook, Inc. sent text messages (i.e. automated/prerecorded voice

6    message delivered by autodialing equipment) to Plaintiff and the Class members

7    without their prior express written consent.  Plaintiff brings this action for injunctive

8    relief and statutory damages arising out of the conduct of Defendant Facebook in

9    negligently, knowingly, and willfully transmitting unauthorized text messages

10   containing birthday acknowledgements or announcements (hereinafter "Birthday

11   Texts") to consumers' cell phones.  Facebook's unsolicited and unauthorized

12   Birthday Texts state: "Today is [Facebook friend's] birthday.  Reply to post a wish

13   on his Timeline or reply with 1 to post "Happy Birthday!" in violation of the

14   Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").  Plaintiff

15   seeks an injunction requiring Facebook to stop sending Birthday Texts to users

16   without their consent and an award of statutory damages to the Class members.

17                                 **PARTIES**

18       2.    Plaintiff, James Meyers is, and at all times mentioned herein was, a

19   resident of Riverside County and a citizen of the State of California.

20       3.    Defendant Facebook, Inc. is a California corporation with its principal

21   place of business located at Menlo Park, California and owns the website

22   www.facebook.com.

23                         **JURISDICTION AND VENUE**

24       4.    For the reasons stated in in *Mims v. Arrow Financial Services, LLC*, 132

25   S. Ct. 740 (2012), the Court has federal subject matter jurisdiction under 47 U.S.C. §

26   227.  This Court also has subject matter jurisdiction over this action pursuant to the

27   Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter*

28

CLASS ACTION COMPLAINT                                                    1

*alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the Class members; (b) some members of the Class members have a different citizenship from Defendant; and (c) the claims of the Class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

5.       This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the Telephone Consumer Protection Act.

6.       Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts significant business within this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.       The Telephone Consumer Protection Act of 1991**

7.       In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.  Congress intended to provide consumers a choice how telemarketers may contact them, finding that "[e]vidence presented to Congress indicates that automated or prerecorded calls are a nuisance. . . ." Pub. L. No. 102-243, §12-13 (1991). "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 744 (2012).

8.       Among other things, the TCPA prohibits "initiating any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . .". According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.  The

1    FCC has stated that telemarketing occurs when a call is initiated and transmitted to a

2    person for the purpose of promoting property, goods, or services.  47 C.F.R.

3    §64.1200(a)(2)(iii); 47 C.F.R. §64.1200(f)(12); 18 FCC Rcd. 14014, 14098 ¶141

4    (FCC 2003).

5           9.    The FCC has issued rulings clarifying that in order to obtain an

6    individual's consent, a clear, unambiguous, and conspicuous written disclosure must

7    be provided by the individual.  2012 FCC Order, 27 FCC Rcd. at 1839 ("[r]equiring

8    prior written consent will better protect consumer privacy because such consent

9    requires conspicuous action by the consumer—providing permission in writing—to

10   authorize autodialed or prerecorded telemarketing calls. . . .").

11          10.    According to 47 U.S.C. §227(a)(1), the ban on telephone calls made by

12   using an automatic telephone dialing system ("ATDS") extends to unsolicited

13   autodialed text messages sent to cellular phones.  *Gager v. Dell Fin. Servs., Inc.,* 727

14   F.3d 265, 269 n.2 (7th Cir. 2013); FCC Declaratory Ruling, 27 F.C.C.R. 15391, 2012

15   WL 5986338 (Nov. 29, 2012).  The Federal Communications Commission has

16   declared that unsolicited text messages are "[a]nnoying and time-consuming," as

17   well as "[i]ntrusive and costly."  FCC Guide, Spam: Unwanted Text Messages and

18   Email, http://www.fcc.gov/guides/spam-unwanted-text-messages-and-email.

19   Pursuant to 47 U.S.C. §227(b)(1)(A)(iii), it is illegal for Facebook to send

20   unsolicited text messages to its users without their prior consent.

21   **B.     Facebook Birthday Texts**

22          11.    Facebook sends unsolicited Birthday Texts to its users and/or third

23   parties.  Although its users do not have to supply their cell phone numbers (or

24   provide such numbers without consent of receiving text messages) to Facebook,

25   Facebook gathers that information from other sources, an expense that Facebook

26   undertakes into order to generate even greater profits.  In pursuit of even greater

27   revenue, Facebook uses an ATDS to send thousands to tens of thousands of

28

1    unsolicited Birthday Texts to individuals.

2        12.    Facebook sent the Birthday Texts with standard response prompts.

3    Facebook's business platform and revenue streams are built on user engagement.

4    Every prompt solicits the receiver to engage on Facebook.  And, any such user

5    engagement generates revenue for Facebook.  Facebook's Birthday Texts are sent to

6    increase revenue at the expense of violating the privacy rights of Plaintiff, and the

7    Class members, through the use of text messages.

8        13.    On or about June 14, 2016, Facebook, through its short code SMS

9    number 32665033, texted Plaintiff's cell phone 951-XXX-1949, with an unsolicited

10   non-emergency text message referred to as the "Birthday Text".

11       14.    Prior to the text message(s) at issue in this action, Plaintiff, James

12   Meyers never provided Facebook with consent to text him.

13       15.    Facebook has caused actual concrete harm to Plaintiff and the Class

14   members, because such individuals have been subjected to invasion of privacy,

15   unwanted/intrusive text messages, have been required to pay cell phone service

16   providers for unwanted text messages, lost use of their cell at the time of receiving

17   the unwanted text message, wasted time on receipt of and reading of the unwanted

18   text messages, and have been subjected to increased electricity charges from receipt

19   of unwanted text messages.

20                        **CLASS ACTION ALLEGATIONS**

21       16.    Plaintiff brings this action on behalf of themselves and on behalf of all

22   other persons similarly situated.  Plaintiff proposes the following class ("Class"):

23
         "All persons residing in the United States who received one or more Birthday
24   Texts without their consent from Facebook through the use of an automatic dialing
     system".
25

26
         17.    Plaintiff does not know the exact number of members in the Class
27
     members, but reasonably believes based on the scale of Defendant's businesses, and
28

the number of unsolicited text messages that they received, that the classes are so numerous that individual joinder would be impracticable.

18.    Plaintiff and all members of the Class members have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing text messages, the and violations of their statutory rights.

19.    The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The Class members can be identified easily through records maintained by Defendant. There are well-defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions that may affect individual members of the Class members.  Those common questions of law and fact include, but are not limited to, the following:

a. Whether Facebook sent Plaintiff and Class members text messages;

b. Whether Facebook's conduct was knowing and/or willful;

c. Whether the Birthday Texts distributed by the Facebook violate the TCPA;

d. Whether Facebook sent non-emergency text messages to Plaintiff and the Class members;

e. Whether Facebook and/or its agents used an automatic telephone dialing system to transmit the unsolicited Birthday Texts;

f. Whether Facebook transmitted Birthday Texts to plaintiff and Class members without consent;

g. Whether Facebook is liable for damages; and

h. Whether Facebook should be enjoined;

20.    Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

CLASS ACTION COMPLAINT                                                                                  5

21.     A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

22.     As persons who received text messages on their telephone using an artificial or prerecorded voice, without their prior express written consent, and Plaintiff asserts claims that are typical of each member of the class.  Plaintiff will fairly and adequately represent and protect the interests of the Class members, and has no interests that are antagonistic to any member of the Class members.

23.     Defendant has acted on grounds generally applicable to the Class members, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class members as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST COUNT
## TELEPHONE CONSUMER PROTECTION ACT
### [47 U.S.C. § 227, *et seq.*]

24.     Plaintiff incorporates by reference the foregoing paragraphs of this complaint as if fully stated herein.

25.     Defendant has utilized an ATDS to send unsolicited text message calls to Plaintiff and Class members' cell phone numbers.

26.     Plaintiff and Class members did not provide Defendant with prior written consent to receive text messages from Defendant.  The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited

CLASS ACTION COMPLAINT                                                                        6

provisions of 47 U.S.C. § 227 *et seq.*

27.    As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

28.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the Class members are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

29.    Plaintiff and members of the Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that the Court grant Plaintiff and all members of the Class members the following relief against Defendant:

a.    Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b.    As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the Class members $500.00 in statutory damages for each and every text message call that violated the TCPA;

c.    As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the Class members treble damages, as provided by statute, of up to $1,500.00 for each and every text message call that violated the TCPA;

d.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and

1    appointing the lawyers and law firm representing Plaintiff as counsel for

2    the classes;

3    e.   Such other relief as the Court deems just and proper.

4                          **DEMAND FOR JURY TRIAL**

5         Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by

6    jury of any and all issues in this action so triable of right.

7

8    Dated: October 3, 2017                 **BURSOR & FISHER, P.A.**

9                                           By: */s/ L. Timothy Fisher*
                                                    L. Timothy Fisher
10

11                                          L. Timothy Fisher (State Bar No. 191626)
                                            1990 North California Blvd., Suite 940
12                                          Walnut Creek, CA 94596
                                            Telephone: (925) 300-4455
13                                          Facsimile: (925) 407-2700
                                            E-Mail:   ltfisher@bursor.com
14

15                                          **BURSOR & FISHER, P.A.**
                                            Scott A. Bursor (State Bar No. 276006)
16                                          888 Seventh Avenue
                                            New York, NY  10019
17                                          Telephone: (212) 989-9113
                                            Facsimile:  (212) 989-9163
18                                          E-Mail: scott@bursor.com

19
                                            **NATHAN & ASSOCIATES, APC**
20                                          Reuben D. Nathan (State Bar No. 208436)
                                            600 W. Broadway, Suite 700
21                                          San Diego, California 92101
                                            Tel: (619)272-7014
22                                          Facsimile: (619)330-1819
                                            E-Mail: rnathan@nathanlawpractice.com
23

24                                          *Attorneys for Plaintiff*

25

26

27

28

_____
CLASS ACTION COMPLAINT                                                  8