**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

**NATHAN & ASSOCIATES, APC**
Reuben D. Nathan (State Bar No. 208436)
600 W. Broadway, Suite 700
San Diego, California 92101
Tel: (619) 272-7014
Fax:(619) 330-1819
E-Mail: rnathan@nathanlawpractice.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MEYERS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No.  3:18-cv-00062-WHO<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, James Meyers ("Plaintiff"), individually and on behalf of all others similarly situated, allege the following on information and belief, except that Plaintiff's allegations as to his own actions are based on personal knowledge.

## NATURE OF THE ACTION

1.      Facebook, Inc. sent text messages (i.e. automated/prerecorded voice message delivered by autodialing equipment) to Plaintiff and the Class members without their prior express written consent.  Plaintiff brings this action for injunctive relief and statutory damages arising out of the conduct of Defendant Facebook in negligently, knowingly, and willfully transmitting unauthorized text messages containing birthday acknowledgements or announcements to consumers' cell phones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

## PARTIES

2.      Plaintiff, James Meyers is, and at all times mentioned herein was, a resident of Riverside County and a citizen of the State of California.

3.      Defendant Facebook, Inc. is a California corporation with its principal place of business located at Menlo Park, California and owns the website www.facebook.com.

## JURISDICTION AND VENUE

4.      For the reasons stated in in *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), the Court has federal subject matter jurisdiction under 47 U.S.C. § 227.  This Court also has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the Class members; (b) some members of the Class members have a different citizenship from

Defendant; and (c) the claims of the Class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

5.      This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the Telephone Consumer Protection Act.

6.      Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts significant business within this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

**FACTS COMMON TO ALL CAUSES OF ACTION**

**The Telephone Consumer Protection Act of 1991**

7.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.  Congress intended to provide consumers a choice how telemarketers may contact them, finding that "[e]vidence presented to Congress indicates that automated or prerecorded calls are a nuisance. . . ." Pub. L. No. 102-243, §12-13 (1991). "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA."  *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 744 (2012). Among other things, the TCPA prohibits "initiating any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . .". According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.  The FCC has stated that telemarketing occurs when a call is initiated and transmitted to a person for the purpose of promoting property, goods, or services.  47 C.F.R.

§64.1200(a)(2)(iii); 47 C.F.R. §64.1200(f)(12); 18 FCC Rcd. 14014, 14098 ¶141 (FCC 2003).

8.      The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual.  2012 FCC Order, 27 FCC Rcd. at 1839 ("[r]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

9.      According to 47 U.S.C. §227(a)(1), the ban on telephone calls made by using an automatic telephone dialing system ("ATDS") extends to unsolicited autodialed text messages sent to cellular phones.  *Gager v. Dell Fin. Servs., Inc.,* 727 F.3d 265, 269 n.2 (7th Cir. 2013); FCC Declaratory Ruling, 27 F.C.C.R. 15391, 2012 WL 5986338 (Nov. 29, 2012).  The Federal Communications Commission has declared that unsolicited text messages are "[a]nnoying and time-consuming," as well as "[i]ntrusive and costly."  FCC Guide, Spam: Unwanted Text Messages and Email, http://www.fcc.gov/guides/spam-unwanted-text-messages-and-email.  A text message is a "call" within the meaning of the TCPA.  *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).  Pursuant to 47 U.S.C. §227(b)(1)(A)(iii), it is illegal for Facebook to send unsolicited text messages to its users without their prior consent.

## A.      Facebook Birthday Texts

10.      Facebook sends unsolicited birthday acknowledgements or announcements ("Birthday Texts") to its users and/or third parties.  On or about June 14, 2016, Facebook, through its short code SMS number, texted Plaintiff's cell phone 951-XXX-1949, with an unsolicited non-emergency text message referred to as the "Birthday Text".  Facebook's unsolicited and unauthorized Birthday Texts state: "Today is [Facebook friend's] birthday.  Reply to post a wish on his Timeline

or reply with 1 to post "Happy Birthday!"  The Birthday Text is sent from a generic and unidentifiable SMS short code number 32665033.  At no time was the Birthday text generated, triggered, or sent as a result of any affirmative action by Plaintiff, any of the proposed class, the Plaintiff or proposed class' Facebook friends or any employee of Facebook.  Several consumers have filed online complaints arising from Facebook's texting campaign originating from the "32665" number.  In pursuit of even greater revenue, Facebook uses an automatic telephone dialing system ("ATDS") to send thousands to tens of thousands of unsolicited Birthday Texts to individuals.

11.    Facebook specifically created fields to allow its users to authorize Facebook to send text messages to their cell phones.  Plaintiff did not provide Facebook with consent.  Although its users do not have to supply their cell phone numbers or provide such numbers without consent of receiving text messages), Facebook gathers that information from other sources, an expense that Facebook undertakes into order to generate even greater profits.  Under Facebook's Notification Settings, users can authorize Facebook under a button designated, "Text message", to send text messages to the phone number provided therein. Plaintiff indicated in his Facebook Notification Settings that he specifically did not authorize Facebook to send him text messages or consent to receiving any text messages, including the Birthday Text. Plaintiff indicated in the Notification Settings of his Facebook account that he did not and does not consent to receive any text messages from Facebook, including the Birthday Texts.  Plaintiff provided Facebook with clear and unambiguous notice under in the Notification Setting that it did not have Plaintiff's consent to send him Birthday Texts. Facebook lacked the prior express consent required by the TCPA to send a Birthday Text to Plaintiff.  If Plaintiff provided consent, at any time, to Facebook, it was thereafter revoked.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12.     The TCPA prohibits the use of an ATDS to send a text message to a cell phone service without prior express consent of Plaintiff and the proposed class. Facebook sent Plaintiff and the proposed class text messages through SMS short message with equipment that was capable of (1) storing or producing telephone numbers, (2) generating random or sequential numbers, and (3) dialing those numbers without human intervention.  At no time, were the Birthday Texts obtained from a set list.  Facebook uses an ATDS to send the Birthday Texts to users who have not consented to receive those texts. The Birthday Texts are sent using an ATDS without human intervention. Facebook uses computer software to identify all users who have birthdays on a particular day, identify the individuals who will receive the Birthday Texts, and to send the form Birthday Texts to those individuals. Facebook does not send Birthday Texts from a calling list of any sort.  No employees of Facebook search databases to identify Facebook users celebrating a birthday, type out individual text messages, obtain or use calling lists, and do not send those text messages to the users in question. At no point is there any human intervention in this process.

13.     According to the FCC, telemarketing occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services. 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); 18 FCC Rcd. 14014,14098 ¶141 (FCC 2003).   If users do not consent to receiving text messages, Facebook gathers that information from other sources, which is an expense that Facebook undertakes into order to generate even greater profits.  Facebook's business platform and revenue streams are built on user engagement.  Every prompt solicits the receiver to engage on Facebook.  And, any such user engagement generates revenue for Facebook.  Facebook defines each time a user engages on the Facebook platform as a "revenue-generating activity".  Facebook earns revenue when its users interact with the website.  In Q1 2018,

Facebook reported that there are 2.20 billion users, 1.45 billion daily active users (DAU) that spent approximately 20 minutes logged into the Facebook website. See investor.fb.com and Facebook's Q12018 Results.  Through its platform, Facebook invites user engagement, including for its user's to take actions such as likes, post engagement, post a messages on Facebook, visit sponsored advertisements, or make purchases, which promotes Facebook's service and entices action to the financial benefit to Facebook. Facebook sent the Birthday Texts with standard response prompts. Facebook's Birthday Texts are sent to increase revenue for Facebook, at the expense of violating the privacy rights of Plaintiff, and the Class members, through the use of text messages.

14.     Facebook has caused actual concrete harm to Plaintiff and the Class members, because such individuals have been subjected to invasion of privacy, unwanted/intrusive text messages, have been required to pay cell phone service providers for unwanted text messages, lost use of their cell at the time of receiving the unwanted text message, wasted time on receipt of and reading of the unwanted text messages, and have been subjected to increased electricity charges from receipt of unwanted text messages.

## CLASS ACTION ALLEGATIONS

15.     Plaintiff brings this action on behalf of themselves and on behalf of all other persons similarly situated.  Plaintiff proposes the following class ("Class"):

> All persons residing in the United States who received one
> or more text messages from Facebook.

16.     Plaintiff does not know the exact number of members in the Class members, but reasonably believes based on the scale of Defendant's businesses, and the number of unsolicited text messages that they received, that the classes are so numerous that individual joinder would be impracticable.

17.     Plaintiff and all members of the Class members have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing text messages, the and violations of their statutory rights.

18.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The Class members can be identified easily through records maintained by Defendant. There are well-defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions that may affect individual members of the Class members.  Those common questions of law and fact include, but are not limited to, the following:

    a.  Whether Facebook sent Plaintiff and Class members text messages;

    b.  Whether Facebook's conduct was knowing and/or willful;

    c.  Whether the Birthday Texts distributed by the Facebook violate the TCPA;

    d.  Whether Facebook sent non-emergency text messages to Plaintiff and the Class members;

    e.  Whether Facebook and/or its agents used an automatic telephone dialing system to transmit the unsolicited Birthday Texts;

    f.  Whether Facebook transmitted Birthday Texts to plaintiff and Class members without consent;

    g.  Whether Facebook is liable for damages; and

    h.  Whether Facebook should be enjoined;

19.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

20.     A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant

to comply with the TCPA. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

21.     As persons who received text messages on their telephone using an artificial or prerecorded voice, without their prior express written consent, and Plaintiff asserts claims that are typical of each member of the class.  Plaintiff will fairly and adequately represent and protect the interests of the Class members, and has no interests that are antagonistic to any member of the Class members.

22.     Defendant has acted on grounds generally applicable to the Class members, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class members as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST COUNT**
**TELEPHONE CONSUMER PROTECTION ACT**
**[47 U.S.C. § 227, *et seq.*]**

23.     Plaintiff incorporates by reference the foregoing paragraphs of this complaint as if fully stated herein.

24.     Defendant has utilized an ATDS to send unsolicited text message calls to Plaintiff and Class members' cell phone numbers.

25.     Plaintiff and Class members did not provide Defendant with prior written consent to receive text messages from Defendant.  The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

26.    As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

27.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the Class members are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

28.    Plaintiff and members of the Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that the Court grant Plaintiff and all members of the Class members the following relief against Defendant:

    a.  Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

    b.  As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the Class members $500.00 in statutory damages for each and every text message call that violated the TCPA;

    c.  As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the Class members treble damages, as provided by statute, of up to $1,500.00 for each and every text message call that violated the TCPA;

    d.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and

1   appointing the lawyers and law firm representing Plaintiff as counsel for

2   the classes;

3   e.   Such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: May 8, 2018                **BURSOR & FISHER, P.A.**

                                  By:   */s/ L. Timothy Fisher*
                                        L. Timothy Fisher

                                  L. Timothy Fisher (State Bar No. 191626)
                                  1990 North California Blvd., Suite 940
                                  Walnut Creek, CA 94596
                                  Telephone: (925) 300-4455
                                  Facsimile: (925) 407-2700
                                  E-Mail:   ltfisher@bursor.com

                                  **BURSOR & FISHER, P.A.**
                                  Scott A. Bursor (State Bar No. 276006)
                                  888 Seventh Avenue
                                  New York, NY  10019
                                  Telephone: (212) 989-9113
                                  Facsimile:  (212) 989-9163
                                  E-Mail: scott@bursor.com

                                  **NATHAN & ASSOCIATES, APC**
                                  Reuben D. Nathan (State Bar No. 208436)
                                  600 W. Broadway, Suite 700
                                  San Diego, California 92101
                                  Tel: (619)272-7014
                                  Facsimile: (619)330-1819
                                  E-Mail: rnathan@nathanlawpractice.com

                                  *Attorneys for Plaintiff*